**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 07-030T** |
| | ) | |
| **JAMES BOND CHUN** | ) | |

---

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

### I. Facts

On January 20, 2007 a Providence Police patrol officer saw Mr. Chun in the driveway of his home at 144 River Avenue. The officer heard a gunshot and saw Mr. Chun hop on one foot and then fall to the ground. His two friends bent over to aid him. In answer to the police officer's inquiry Mr. Chun acknowledged that he had just shot himself in the leg. Mr. Chun immediately took responsibility for the gun and explained to the police that he had purchased the gun at full length but had shortened it using a saw. Mr. Chun purchased the gun for his own protection. Mr Chun also gave the police a written statement at the station, he cooperated fully with the Providence police investigation. Subsequently, the Federal Government charged Mr. Chun with possession of the weapon in this indictment. Mr. Chun pled guilty to the charge on May 8, 2007.

### II. Argument

The sentencing guidelines provide for a downward departure from the advisory sentencing range when mitigating circumstances exist beyond normal consideration. *See* U.S.S.G. §5K2.0 (2006). The Court may depart from the guidelines when the circumstances show the facts or the defendant to be atypical and outside the heartland of similar offenses and offenders. *United States v. Bogdan,* 284 F.3d 324, 327 (1st Cir. 2002); *United States v. Carrion-Cruz*, 92 F.3d 5, 6 (1st Cir. 1996). *See also* U.S.S.G. §1A1.1, Commentary (2005). Here, the Probation Department, in the pre-sentence report, set the base offense level for Mr. Chun at 18. Mr. Chun will receive a three point downward departure for his acceptance of responsibility, bringing the offense level down to a 15.

The guidelines for Mr. Chun, with a criminal history category I, prescribe a sentence of 18 to 24 months to serve in prison. Mr. Chun's particular situation, however, warrants the Court's further consideration and departure to a lower sentence.

Mr. Chun's situation involves several aspects which, on their own, may not warrant a departure, but together, in the totality, make his situation exceptional. The guidelines allow the Court to look at a combination of factors which are present and allowable for a departure, but could not support a departure on their own. *See* U.S.S.G. §5K2.0(c)(2006). Here, Mr. Chun's work record, education, his family ties, and community service are worthy of consideration. Additionally, Mr. Chun almost would meet the requirements for an aberrant behavior departure but for the fact that such a departure is precluded for his charge. This combination of factors places Mr. Chun outside of the heartland of guideline cases.

Mr. Chun has maintained a good work record for a young man of his age. The guidelines state that a person's employment record is not ordinarily relevant for sentencing, but does not prohibit its consideration. U.S.S.G. §5H1.5 (2006). The Sentencing Commission has recognized good employment and educational achievements as indicators of lowered recidivism rates. *See, United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, p*. 11-14 (2004).

In addition Mr. Chun has made remarkable efforts to further his education in the past year. *See* U.S.S.G. §5H1.2 (2006) After leaving school in the eleventh grade, Mr. Chum enrolled in YouthBuild Providence. He has received vocational training and education there since August 2006. The program also has work and volunteer components and Mr. Chun has fully participated in every aspect of that program. Mr. Chun has distinguished himself as an outstanding participant at YouthBuild. The program manager describes him as a remarkably dedicated worker. In addition to the work that he has completed while at YouthBuild, Mr. Chun has completed more than 500 hours of community service. His community service involved building houses for disadvantaged families and working in a food pantry.

On June 29, 2007 Mr. Chun completed the YouthBuild program and received his GED. Mr. Chun also received the Education Award and a Citizen Citation from the Mayor of Providence. In recognition of his contribution to community service, Mr. Chun received a Community Service Award for being an outstanding volunteer at Maranatha Community Outreach Program.

Mr. Chun is now eligible for an apprentice position in the carpenters' union based on his successful completion of the YouthBuild program. Should he receive a probationary period as a sentence from this Court, his counselor at YouthBuild expects that he would be placed in the carpenters' union fairly quickly. The Court should consider Mr. Chun's work, community service and education record favorably because it shows a young man, now just 20 years old, who is clearly making an effort to improve himself and be a productive member of society.

The Court should also consider Mr. Chun's family situation. *See* U.S.S.G. §5H1.6 (2006). Mr. Chun resides in Providence with his mother and younger brother and sister. His father is deceased. Mr. Chun's mother supports the family on Social Security benefits. This allows for a marginal level of financial support. During his time in the YouthBuild program Mr. Chun received a stipend which he contributed to the household. Mr. Chun expects to receive a salary of more than $14.00 per hour upon his placement in the carpenters' union. He hopes to use this money to assist his mother with household expenses and in moving his younger siblings to a safer neighborhood. While Mr. Chun's mother has worked hard to keep her family together, Mr. Chun is, by default, the man of the house. He is also the only adult in the home who is fluent in English. As such, he is integral and necessary to the family's financial support and success in the community. His family situation is unique and worthy of positive consideration from the Court.

Since this incident, Mr. Chun has tried to turn his problems into something positive for the community. *See* U.S.S.G. §5H1.11 (2006) (community service not ordinarily relevant for sentencing). Mr. Chun has worked hard to participate in the community service aspect of the YouthBuild program. This activity clearly shows a man well on the way to rehabilitation. While he is sorry for his actions he is not wasting his time. He is working hard to become a better member of society.

As stated, Mr. Chun almost meets the strict requirements for an aberrant behavior departure. See U.S.S.G. §5K2.20 (2006). Mr. Chun does not have a criminal past, this incident was clearly a deviation in his life. Unfortunately, this incident involved a firearm which precludes a departure under this section alone. What the Court can consider, however, is Mr. Chun's lack of criminal conduct besides this episode when considering this request for a departure.

## III. Conclusion

Mr. Chun asks this Court to grant him a downward departure from the sentencing guidelines. The departure is based on a combination of reasons including his good work record, his educational achievement, his lack of criminal record, community service and his family's need for his financial and emotional support. For all these reasons, Mr. Chun is worthy of the Court's favorable consideration for a downward departure in this matter.

Respectfully Submitted
James Bond Chun
By and through his counsel

/s/Mary S. McElroy
Assistant Federal Defender

## CERTIFICATION

I hereby certify that a copy of this memorandum was delivered by hand-delivery to Peter Neronha, Assistant United States Attorney and Dennis Jenkins, USPO, on July 31, 2007.

/s/Mary S. McElroy