FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | 07-0030-01T |
| | ) | |
| JAMES BOND CHUN | ) | |

## MOTION FOR SENTENCE CONSIDERATION

Now comes James Bond Chun, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, to comply with the mandates of 18 U.S.C. § 3553(a). Mr. Chun respectfully suggests that the Court should conclude that the advisory guideline calculations call for a sentence longer than what is necessary to comply with 18 U.S.C. § 3553(a). Mr. Chun proposes a sentence of probation with community service.

Respectfully submitted
James Bond Chun
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Peter Neronha, Assistant United States Attorney and Dennis Jenkins, SUSPO, on July 31, 2007.

/s/Mary S. McElroy, 4830

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-0030-01T** |
| | ) | |
| **JAMES BOND CHUN** | ) | |

---

## DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

Through counsel, James Bond Chun files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). This Memorandum is submitted in support of Mr. Chun's motion for sentencing consideration advocating a sentence outside of the advisory guideline range. Mr. Chun respectfully requests that this court sentence him to a term of probation and order that he perform community service as a condition of that probation.

## BACKGROUND

On January 20, 2007 a Providence Police patrol officer saw Mr. Chun in the driveway of his home at 144 River Avenue. The officer heard a gunshot and saw Mr. Chun hop on one foot and then fall to the ground. His two friends bent over to aid him. In answer to the police officer's inquiry Mr. Chun acknowledged that he had just shot himself in the leg. Mr. Chun immediately took responsibility for the gun and explained to the police that he had purchased the gun at full length but had shortened it using a saw. Mr. Chun purchased the gun for his own protection. Mr Chun also gave the police a written statement at the station, he cooperated fully

with the Providence police investigation.

On February 1, 2007 Mr. Chun appeared before U.S. Magistrate Judge David L. Martin and pled not guilty to a criminal complaint charging him with one count of possession of a sawed off rifle. He was subsequently indicted and on May 8, 2007 appeared before the Honorable Ernest C. Torres, Senior Judge and entered a guilty plea to the indictment. Sentencing is scheduled for August 7, 2007.

**SENTENCING CONSIDERATIONS**

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

---

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. *See also Rita v. United States, No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007).* Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Booker* 543 U.S. at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case.

In the *Rita* decision the United States Supreme Court ruled that an appellate presumption that the guideline sentence is appropriate is permissible but such a presumption on the District Court level is not. *Rita* at **16 and **25. The reasoning for the allowance of an appellate presumption is that the guidelines and the district court judge both would have separately come to the same conclusion about the appropriate sentence for the defendant. "[T]he presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita* at **17.

Such a presumption does not apply on the district court level. *Id at **25.* The district court judge sentencing a defendant must, therefore, "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, No. 05-3505 (7th Cir. June 28, 2007) (interpreting *Rita).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

**NATURE AND CIRCUMSTANCES OF THE CHARGE**

District court judges must consider several factors when determining the appropriate sentence for a criminal defendant. 18 U.S.C. §3553(a). The judge must consider; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" Mr. Chun was arrested with a short barreled rifle. He was not involved in any other criminal activity at the time and in fact has no criminal record. It was the possession of the gun that triggered federal involvement in his case.

In Mr. Chun's case the advisory guideline level is artificially high. The setting of the guideline applicable in this case reflected a congressional intent, when passing 26 U.S.C. §5845(a), to protect society from criminals and the violence associated with the possession of firearms. *See* 82 Stat. 1213. The purpose of the legislation was not to prevent citizens from protecting themselves. In this case, had Mr. Chun simply purchased a handgun, even if he failed to register that handgun, his advisory guideline level would be twelve with a total offense level of ten after receiving a two level reduction for acceptance of responsibility. This would result in an advisory sentence for Mr. Chun of six to twelve months and that sentence would fall in zone B of the guidelines.

Although the possession of an unregistered shortened rifle is a serious offense. In this case the rifle involved is a small caliber weapon. That weapon is much less dangerous than in the typical case which generally involves a sawed off shotgun. Given Mr. Chun's intention to keep the gun for protection and his lack of other criminal intent, there is no reason that his sentence should be higher than a person who keeps an unregistered handgun for the same

purpose.[2]

**DETERRENCE**

The other important factors that the court must consider in determining an appropriate sentence for Mr. Chun are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553. A sentence of imprisonment would not accomplish any of these goals.

Mr. Chun has had no past criminal involvement. His conduct in this case is no reason to believe that he will have any future criminal involvement. The commission has recognized that the lack of a prior criminal record is indicative of a lesser potential for re-offending. United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* p. 11 (2004).

In this case, Mr. Chun has used the past year to establish a future for himself. He has completed the requirements for his GED. He has begun the process of becoming a trained professional carpenter. In addition he has completed many hours of community service. Imprisonment at this time would derail and not add to his educational and vocational goals.

The United States Sentencing Commission has recognized that education, employment and lack of criminal record are all indicators of a decrease in recidivism. All of these factors in Mr. Chun's case indicated an extremely low risk of recidivism in his case. *Id.* At 11-14.

**ACCEPTANCE OF RESPONSIBILITY**

Mr. Chun has demonstrated significant acceptance of responsibility in this case. When

---

[2] In fact had Mr. Chun simply possessed a handgun with an obliterated serial number, a crime gun, his total offense level would have been ten with an advisory guideline range in zone B of six to twelve months to serve.

first approached and questioned by the police he cooperated and acknowledged his possession of the gun. When he was questioned at the Providence Police station he candidly spoke to the police and acknowledged his conduct.

When he was brought before this court and placed on home confinement as a condition of his pretrial release Mr. Chun cooperated fully with the pretrial services unit. He further accepted responsibility by agreeing to plead guilty to the indictment in this case.

**CONCLUSION**

For all of these reasons, Mr. Chun respectfully requests that this court sentence him to a term probation. A more severe sentence in this case would not achieve greater justice, deterrence, incapacitation, or rehabilitation.

Respectfully submitted
James Bond Chun
By his attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was delivered by hand-delivery to Peter Neronha, Assistant United States Attorney and Dennis Jenkins, USPO, on July 31, 2007.

/s/ Mary S. McElroy