**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-30T** |
| | : | |
| **JAMES BOND CHUN** | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

The United States of America, by and through its attorneys, Robert Clark Corrente, and Peter F. Neronha, Assistant United States Attorney, hereby opposes the defendant's Motion For Downward Departure, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: August 3, 2007

**Certificate of Service**

I hereby certify that on the 3rd day of August, 2007, I caused a copy of the within "Government's Opposition to Defendant's Motion For Downward Departure" to be served by way of the Electronic Case Filing system upon Mary S. McElroy, Assistant Federal Defender and counsel for the defendant.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR No. 07-30T** |
| | : | |
| | : | |
| **JAMES BOND CHUN** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Having pleaded guilty to possessing a sawed-off rifle on the streets of Providence at 3 o'clock in the morning on January 20, 2007, the defendant now claims that he is entitled to a downward departure pursuant to United States Sentencing Guideline §5K2.0(c) because, taken together, his work record, education, family situation and community service "make his situation exceptional." The government disagrees.

A defendant's "employment record," i.e., work record, is "not ordinarily relevant in determining whether a departure is warranted." USSG §5H1.5. The same is true with respect to all of the other factors identified by the defendant in support of his motion: a defendant's education (USSG §5H1.2); family ties and

responsibilities (USSG §5H1.6); and community service (USSG §5H1.11). As factors that are "not ordinarily relevant," these factors are "discouraged factor[s]." United States v. Koon, 518 U.S. 81, 95 (1996). Discouraged factors, while not "necessarily inappropriate" bases for departure, should be relied on "only in exceptional cases." Id. (quoting 1995 USSG ch. 5, pt. H, intro. comment) (emphasis added). The defendant appears to concede that none of the factors on which he relies, taken alone, is present to such an exceptional degree that it warrants a departure. Instead, relying on §5K2.0(c), he argues that the factors in combination warrant the departure.

While it is true that §5K2.0(c) permits a departure based on "a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure," such departure may be granted "only if":

> (1) such offender characteristics or other circumstances, taken together, make the case an exceptional one; and
>
> (2) each such offender characteristic or other circumstance is--
>
> (A) present to a substantial degree; and
>
> (B) identified in the guidelines as a permissible ground for departure, even if such offender characteristic

> or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted.

USSG §5K2.0(c) (emphasis added). By its plain language, this is a difficult standard to meet. See United States v. Thurston, 358 F.3d 51, 80 (1st Cir. 1984)("the 'exceptional case' hurdle for discouraged departures is a very high one"), vacated and remanded in light of Booker, 543 U.S. 1097 (2005). Furthermore, Application Note 3(C) to §5K2.0 provides that "[d]epartures based on a combination of not ordinarily relevant circumstances that are present to a substantial degree should occur extremely rarely and only in exceptional cases." (emphasis added).

Accordingly, to warrant a departure based on a combination of the factors he has identified, the defendant must first demonstrate that each of those factors is "present to a substantial degree." Provided that he can meet this part of the test, he must then demonstrate that those factors when taken together make his case "extremely rare" and "exceptional." He can do neither.

First, with respect to his employment history, all that the defendant says in his motion is that he has "a good work record for a young man of his age." No details concerning this purported "good work record" are provided, and perhaps this is not

surprising; according to the Pre-Sentence Report, the defendant advised the Probation Officer "that he has never been employed." Pre-Sentence Investigation Report ("PSR"), ¶43. Second, with respect to his education, while it is true that the defendant has completed the Youth Build Providence program, thereby acquiring his General Equivalency Diploma, the fact remains that he dropped out of high school in March of 2004 (PSR, ¶40). He thus was out of school for more than two years before enrolling in the Youth Build program in August of 2006 (PSR, ¶42), a period during which he also did not have a job. Third, with respect to community service, the defendant relies on a "Community Service Award for being "an outstanding volunteer at Marathana Community Outreach Program." Yet nowhere does he proffer what kind of work he did in connection with this program, how many hours he devoted to the program, and the period of time during which he was involved in it. Similarly, few if any details are provided with respect to any community service the defendant was involved in as part of the Youth Build program. Given that the defendant has been involved with that program only since August of 2006 (PSR, ¶42), however, such community service cannot be extensive. While any community service is, of course, laudable, the community service engaged in by the defendant here hardly makes, or contributes to making, his

case the "extremely rare" and "exceptional" one.[1] Finally, with respect to the defendant's family situation, the defendant concedes that it is his mother, not the defendant, who supports his family. Memorandum In Support Of Defendant's Motion For Downward Departure, at 3. While avoidance of prison might permit the defendant to earn income to supplement his mother's, the fact of the matter is that incarceration would do nothing to change the family's economic status quo.

At bottom, none of the four discouraged factors identified by the defendant in support of his motion are present to a "substantial degree", nor do they, when taken together, even approach making the defendant's case the "extremely rare" and "exceptional" one. The defendant is therefore not entitled to a downward departure pursuant to §5K2.0(c), and his Motion for Downward Departure should be denied.

---

1 Compare United States v. Kuhn, 351 F.Supp.2[d] 696, 705 (E.D. Mich. 2005)(granting motion for downward departure under §5K2.0 based in part on defendant's "community involvement and exemplary personal record of achievements in the community", where community service consisted of "thirty years as a Eucharistic and homebound minister, lector and parish council member at Holy Trinity church; service on the board of directors of the Bay Arts Council; president of Bay Fresh Start program, which is a local alternative to probation; volunteer worker for Habitat for Humanity and the Paint & Pride program; sponsor for the Delta College public television auction for over ten years; member of the Bay City All Saints School Board; volunteer athletic coach at the local YMCA; []volunteer at Bay City Creative Caring preparing meals for the day care center[; and] assist[ing] residents of the Arite Center, a community corrections facility, obtain employment.").

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: August 3, 2007

**Certificate of Service**

I hereby certify that on the 3rd day of August, 2007, I caused a copy of the within "Government's Memorandum in Opposition to Defendant's Motion For Downward Departure" to be served by way of the Electronic Case Filing system upon Mary S. McElroy, Assistant Federal Defender and counsel for the defendant.

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov